# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATHAN D. CAMPBELL,

  *Petitioner*,

vs.

STATE OF NEVADA*, et al.*,

  *Respondents*.

Case No. 2:13-cv-01736-JAD-GWF

**O R D E R**

This matter brought by a then state pretrial detainee comes before the Court for initial review.

The papers presented are subject to multiple substantial defects.

First, petitioner did not properly commence the action by either paying the filing fee or filing an application to proceed *in forma pauperis* on the Court's required form with all required attachments.  Petitioner neither paid the filing fee nor filed a pauper application.

Second, given the nature of the paper that he actually filed, petitioner would have to pay the $350.00 filing fee for a civil action or seek to pay that fee in installments under the Prison Litigation Reform Act.  Although the Clerk of Court docketed the action as a habeas action, petitioner did not file a petition for a writ of habeas corpus.  He filed a petition for a writ of mandamus.  Under 28 U.S.C. § 1914(a), "[t]he clerk . . . shall require the parties instituting any civil action, suit or proceeding . . . whether by original process, removal or otherwise, to pay of filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."  A petition for a writ of mandamus, again, is not a habeas petition.

Third, petitioner did not use a required pleadings form.  Under the local rules, he must use either the Court's required complaint form or a habeas petition form.  Petitioner may not submit an entirely handwritten pleading on note paper as he did here.

Fourth, petitioner may not proceed directly against the State of Nevada in federal court due to the state sovereign immunity recognized by the Eleventh Amendment.  State sovereign immunity bars an action against the State in federal court regardless of the relief sought.  *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Fifth, petitioner presents no allegations that action was taken pursuant to official municipal custom, practice or policy such as would support a claim against Clark County.

Sixth, to the extent that petitioner seeks entry of a federal court order interfering with pending state criminal proceedings, the relief sought is barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances not evident from the papers on file herein.

Seventh, the relief sought, issuance of a writ of mandamus directly to the state courts overturning their actions, would constitute an exercise of appellate jurisdiction by this lower federal district court over the state and municipal courts.  Petitioner reinforces the point that he is seeking such an exercise of appellate jurisdiction by seeking an order from this alleged "higher court" to the "lower" state and municipal courts.  However, a federal district court does not have appellate jurisdiction over a state or municipal court, whether by direct appeal, mandamus, and/or an exercise of supervisory appellate jurisdiction.  *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  In seeking to have this federal district court issue a writ of mandamus directing the state and municipal courts in the handling of their cases, petitioner unquestionably has sought to invoke appellate jurisdiction by this Court over those courts.  The Court has no such jurisdiction.

Due to these multiple defects, the petition in this improperly-commenced action will be dismissed without prejudice.

/ / / /

It does not appear that a dismissal without prejudice to a new action would materially impact adjudication of any issue of substance in a promptly filed new action or otherwise cause substantial prejudice.[1]

**IT THEREFORE IS ORDERED** that this action shall be DISMISSED without prejudice to the filing of a new pleading on a required form with a pauper application with all required financial attachments in a new civil action under a new docket number.[2]

**IT FURTHER IS ORDERED** that, to the extent required in this procedural context, a certificate of appealability is DENIED.  Jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.  See text at note 1 and note 1.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:  November 8, 2013.

_____
JENNIFER A. DORSEY
United States District Judge

---

[1]Petitioner sought in the petition to restrain a then pending state criminal prosecution.  No federal limitations period applies to any request for federal habeas relief as to a state criminal proceeding that has not yet resulted in a state judgment of conviction.  Moreover, to the extent that a civil rights limitations period might be of concern, the limitations period for actions arising out of Nevada is two years.

Moreover, it appears from review of the relevant court and custodial websites that petitioner's state criminal proceedings in at least the Nevada Eighth Judicial District concluded in a plea with sentencing to time served.  He is in neither state nor local custody at this time.  To the extent that petitioner sought to challenge proceedings in other municipal and/or justice courts, a dismissal without prejudice of this action would not materially impact the analysis of any substantial issue in a promptly and properly commenced new action.  No prejudice of substance thus can result from a dismissal of this action without prejudice.

While the imaged electronic copy of the handwritten petition is difficult to read readily, the physical original in the "day file" is readily legible.

[2]The Court will not direct the Clerk to send forms given that petitioner no longer is in custody.  He has provided no notice of change of address.

-3-